FILED
99 SEP 30 PM 2:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | } | BANKRUPTCY NO. |
| | } | 91-80587-TBB-7 |
| CLYDE THOMAS CARTER, | } | |
| | } | |
| Debtor, | } | CHAPTER 7 |
| | } | |
| CLYDE THOMAS CARTER, | } | |
| | } | |
| Appellant, | } | |
| | } | |
| v. | } | CASE NO. CV 98-B-2298-S |
| | } | |
| JAMES G. HENDERSON, Trustee and | } | |
| HARRY LEE CARTER TRUST | } | |
| MANAGEMENT, | } | |
| | } | |
| Appellees. | } | |

ENTERED
OCT - 1 1999

MEMORANDUM OPINION

Currently before the court is the Motion for Sanctions filed by appellee Harry Lee Carter Estate Management Trust on October 8, 1998. Appellee alleges that the actions of appellant Clyde Thomas Carter ("Carter") and his attorney, Mark Stewart ("Stewart"), "have been unreasonable, vexatious, frivolous, lack objective good faith (or, in the alternative, meet criteria of objective bad faith), obdurate, dilatory, multiplicative, and reveal a studied and serious disregard for the orderly prosecution of justice." (Mot. for Sanctions at 2). Carter, and his counsel Stewart, filed a Response to Motion for Sanctions Filed by Lee Benton on Behalf of Harry Lee Carter Estate Management Trust on November 10, 1998, whereby they claim that there are "sufficient issues before the Court which would compel the Court to overrule the Motion for Sanctions." (Response at 9).

8

On September 19, 1991, the Probate Court of Bexar County, Texas entered a judgment in favor of the Harry Lee Carter Estate Management Trust and against appellant Carter. Carter was a trustee of the Harry Lee Carter Management Trust, an express trust created to administer several assets owned by Harry Lee Carter at his death. The pleadings reveal that plaintiffs sought recovery for breach of fiduciary duty owed by appellant and further sought an accounting of monies and other assets of the Trust. The special interrogatories attached to the judgment demonstrated that the jury specifically determined that appellant willfully, and with reckless disregard for the rights of the beneficiaries of the Trust, breached his fiduciary duty owed as the executor or trustee of the that Trust. The jury found that appellant's breach of fiduciary duty proximately cause a monetary loss totaling the sum of $7,000,000. (R. at Tab 20, Exh. A).

Appellant appealed the jury verdict to the Texas Court of Civil Appeals. After the Texas Court of Civil Appeals upheld the jury verdict, the matter was appealed to the Texas Supreme Court, which denied certiorari. The United States Supreme Court similarly denied certiorari.

At the same time that the appellant appealed the jury verdict to the Texas Court of Civil Appeals, appellant also filed a bankruptcy petition in Decatur, Alabama. An attorney for Frances Carter, Clyde Carter's former wife, filed a contest of the judgment/claim in the bankruptcy case and appellant intervened. They contended that the judgment of the Texas Probate Court was void. Summary judgment was entered against Mrs. Carter and appellant. Mrs. Carter, but not appellant, appealed this decision to the District Court and then to the Eleventh Circuit which upheld the grant of summary judgment.

The Harry Lee Carter Estate Trust Management and its individual beneficiaries filed a Section 523 action against the appellant. Appellant argued that the judgment of the Texas

2

Probate Court was void. The bankruptcy court entered summary judgment for the Trust and its beneficiaries. This matter was appealed to the District Court and Eleventh Circuit and affirmed.

A Motion to Convert from Chapter 11 to Chapter 7 was eventually granted by the bankruptcy court. Appellant appealed this decision to the District Court and the Eleventh Circuit and the decision was affirmed. Appellant filed a Motion to Reinstate as a Chapter 11 or to Transfer. The bankruptcy court denied this Motion and appellant appealed. The District Court affirmed the decision.

Appellant filed a probate proceeding in Alabama which was removed to the bankruptcy court. Judge Breland denied a Motion to Remand. Appellant filed another probate proceeding in Tennessee. The matter was removed to bankruptcy court, but then a remand was granted. When the case was converted to Chapter 7, the Trustee settled the matters in the Tennessee court. An Order was entered which included the specific amounts that would be allowed as setoff against the individual beneficiaries.

In CV-95-B-1274-NE, this court considered an appeal by appellant of an Order by the bankruptcy court denying his motion to dismiss or transfer his case. Appellant was represented by William Chenault. Although the appellant failed to file his brief in a timely fashion, the court denied appellee's Motion to Dismiss Appeal. However, in a Memorandum Opinion and accompanying Order, this court affirmed the Order of the bankruptcy court.

The bankruptcy court entered judgment against appellant, excepting $7,000,000 of the Texas judgment from any discharge he obtained. In CV-95-B-2709-NE, appellant appealed the Order to this court. Appellant was again represented by Chenault. However, the appeal was dismissed for lack of prosecution.

The judgment entered by the Texas Probate Court further awarded the individually named beneficiaries exemplary damages, in differing amounts, totaling $1,100,000. Pursuant to the settlement of Adversary Proceeding Nos. A.P. 91-80107 and A.P. 91-80108, approved by the bankruptcy court, $400,000 was offset against such total sum, reducing the total amount of the individuals claims to $700,000. Appellant appealed the Order to this court in CV 95-B-2797-NE. Appellant was represented by both Chenault and Mark Stewart. However, in an Order dated May 17, 1996, the appeal was dismissed for failure to prosecute.

Appellant filed three pro se appeals with this court. Appellant's appeal to this court in CV-96-B-2783-S was dismissed for failure to file a brief as mandated by Bankruptcy Rule 8009. The court also dismissed appellant's appeals in CV-96-642-S and CV-96-643-S.

Again in CV 97-B-2125-S, appellant failed to file a timely brief in his appeal to this court. Stewart represented the appellant in this matter. Even though appellant belatedly asked for an extension, the court dismissed the appeal for lack of compliance with Bankruptcy Rule 8009 which requires the appellant to file his brief with 15 days of the entry of the appeal on the court's docket. In the Order dismissing the appeal, the court gave as one of its reasons for dismissal that "appellant did not file a request for extension before the deadline for his brief was due."

Appellant filed an appeal from the decision of this court in CV-97-B-2975-S. In that appeal, appellant contested the denial of a $5,000.00 homestead exemption by the bankruptcy court. Stewart represented appellant in this matter. The court affirmed the Order of the trial court. Appellant failed to file a brief with this court.

In CV-97-B-2976-S appellant filed an appeal with this court regarding the attorneys' fees payable to the counsel for the prior Bankruptcy Trustee. Stewart again served as appellant's counsel. This court dismissed the appeal because appellant failed to submit a brief as required by Bankruptcy Rule 8009.

In the latest dispute, appellant filed on July 9, 1998, an Objection to Claim and an Objection to Trustee's Application for Interim Compensation and Reimbursement of Expenses with the bankruptcy court. In his Objection to Claim, appellant listed twelve objections dealing with the judgment in Texas Probate Court including "the judgment rendered in said action is void pursuant to the provisions of the Constitution of the United States of America and applicable Texas law." (Objection to Claim ¶ 4). In his Objection to Trustee's Application for Interim Compensation and Reimbursement of Expenses, appellant listed eleven objections including "the judgment upon which the claim of The Harry Lee Carter Estate Management Trust is based is void." (Objection to Trustee's Application for Interim Compensation and Reimbursement of Expenses ¶ 4).

In an Order dated August 6, 1998, the bankruptcy court overruled the appellant's objections to the Trustee's Application for Interim Compensation and Reimbursement of Expenses. In the same Order, the bankruptcy court sustained in part and overruled in part appellant's Objection to Claim. The portion of the Objection to Claim which was sustained dealt with claims which appellant alleged were duplicative.

As noted in Appellee's Motion to Dismiss Appeal, appellant filed his Notice of Appeal on August 14, 1998. He designated the record and statement of issues on appeal on August 25, 1998. The clerk entered the appeal on this court's docket and gave notice to all parties on

September 10, 1998. Pursuant to Bankruptcy Rule 8009(a)(1), appellant was required to file his brief within 15 days of the entry of the appeal on the court's docket. The last date for the submission of the brief was September 25, 1998. Appellee James Henderson filed his Motion to Dismiss on September 30, 1998 and appellee Harry Lee Carter Management Trust filed a Motion for Sanctions on October 8, 1998. Appellant filed a Response to the Motion to Dismiss and a separate Brief of Debtor on October 6, 1998. Appellant filed a Response to Motion for Sanctions on November 10, 1998.

Rule 11 of the Federal Rules of Civil Procedure provides a vehicle for sanctioning frivolous conduct by an attorney and/or a client.

> A pleading, motion, or other paper violates Rule 11 either when it 'has been interposed for an improper purpose, or where, after a reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.' (Citation omitted). In deciding whether the signer of a pleading, motion, or other paper has crossed the line between zealous advocacy and plain pettifoggery, the court applies an objective standard of reasonableness. (Citation omitted). . . .

*United States v. International Brotherhood of Teamsters,* 948 F.2d 1338, 1334 (2d Cir. 1991).

Appellant and his attorney Mark Stewart's actions do not pass the objective standard of reasonableness. Including the present case, appellant has failed to file a timely brief on at least eight different occasions. This case marks the sixth time that this court has dismissed appellant's appeal for lack of prosecution/failure to file a brief. Mark Stewart has been appellant's attorney in four of those cases in which a timely brief was not filed, three of which were dismissed for lack of prosecution/failure to file a brief. In fact, in CV-97-B-2125-S, in its Order dismissing the case, this court specifically told the appellant and his attorney, Mark Stewart, that he must either

file a timely brief or request an extension before the brief was due. Amazingly, despite the court's previous warning and dismissals, appellant, represented again by Stewart, did not file a brief or request an extension before the deadline in this case. The continuous filing of appeals and noncompliance with Bankruptcy Rule 8009 is inexcusable. Appellant and his attorney are well aware of Bankruptcy Rule 8009, but have shown it little regard. As a result, this court and counsel for appellees has wasted much time, energy, and money dealing with these appeals.

In addition, appellant continues to appeal issues which are frivolous in nature. For example, appellant continually raises the issue of the validity of the judgment rendered by the Texas Probate Court. Appellant appealed this judgment all the way to the United States Supreme Court and was unsuccessful. Appellant has then proceeded to collaterally attack the validity of the judgment in numerous different proceedings. Although the appellant has challenged the judgment in the Texas courts and in previous appeals from the bankruptcy court, he brings it up once again in the present appeal. Due to the extensive and exhaustive litigation on this issue, these continuous attacks upon the validity of the Texas judgment are completely frivolous.

Including the present action, appellant has filed twelve appeals from orders of the bankruptcy court. Not one of these appeals has been successful. In fact, there is apparently such an insignificant basis for many of his appeals that appellant failed to even file a brief in support of them. Mark Stewart has been appellant's attorney for the last four appeals and has yet to file a timely brief with this court or to request an extension in an timely manner. These appeals have only served to stall the process and to incur needless costs upon the Estate. While appellant has the right to appeal orders in which he has a good faith belief are in error, he is not entitled to continuously appeal almost every order of the bankruptcy appeal regardless of the merits of the

appeals. It is clear to this court that appellant has abused the appeals process by appealing virtually every order without regard to the legal merits of doing so. In the Response, Stewart claims that he inherited a complicated case and is doing the best he can with the volumes of files given to him. Yet, this does not excuse his continuous failure to file timely briefs with this court. Stewart also states that he intends to further attack the validity of the Texas judgment without stating a valid legal basis on which he believes he will prevail. Appellant's continuous filing of appeals without stating to this court a reasonable basis for doing so, violates Federal Rule of Civil Procedure 11.

The actions of appellant and Stewart also violate 28 U.S.C. § 1927 and Bankruptcy Rule 8020. Section 1927 provides that any attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 primarily controls a lawyer's conduct in the district court, but it has been also applied to attorneys who, without legal justification, seek appellate review." *Reliance Ins. Co. v. Sweeney Corp., Maryland*, 792 F.2d 1137, 1138 (D.C. Cir. 1986). Bankruptcy Rule 8020 provides that "[i]f a district court . . . determines that an appeal from a an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

As noted, appellant has filed twelve appeals from the bankruptcy court. In at least six of these instances, appellant's appeal was dismissed for either lack of a timely filed brief or lack of a brief altogether. Stewart was appellant's attorney on four of these occasions. When an

8

appellant files an appeal and says nothing, his actions may be deemed frivolous. *See id.* at 1139 ("When the appellant files an appeal, he asks for this court's attention. The appellant then has the responsibility to say *something* non-frivolous to indicate why the appeal was taken; it is [appellant]'s failure to say anything that leads us to conclude that this appeal is frivolous."). In addition, appellant, represented by Stewart, continues to challenge the validity of the Texas judgment, even though this issue has been extensively litigated. Stewart's actions have unreasonably and vexatiously multiplied the proceedings in this matter and have thus violated 28 U.S.C. § 1927. Similarly, both appellant and Stewart have violated Bankruptcy Rule 8020 by their filing of frivolous appeals.

Nothing in this opinion is intended to diminish the concept of appeals as of right, but the appellant does not have the right to file countless appeals in this court without asserting a reasonable basis for doing so. Accordingly, this courts finds that Appellee's Motion for Sanctions is due to be granted.

**DONE** this 30th day of September, 1999.

_Sharon Lovelace Blackburn_
**SHARON LOVELACE BLACKBURN**
United States District Judge